UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON,

       Plaintiff,

v.                                                           CASE NO. 2:11-cv-13524
                                                          HONORABLE GERALD E. ROSEN

VONDA R. EVANS, PATRICIA S. SLOMSKI,
and SUZETTE M. SAMUELS,

       Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      Plaintiff Douglas Cornell Jackson is a state prisoner at Macomb Correctional Facility in New Haven, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendants are: Judge Vonda R. Evans of Detroit, Michigan; attorney Patricia S. Slomski of Sterling Heights, Michigan; and assistant prosecuting attorney Suzette M. Samuels of Detroit. The Court takes judicial notice that Judge Evans is a Wayne County Circuit Court judge, that Ms. Samuels is employed by the Wayne County Prosecutor's Office, and that Ms. Slomski appears to be an attorney in private practice. See www.michbar.org/memberdirectory.

      Plaintiff alleges that he was charged with sexual assault in two unrelated cases: case number 09-003769, in which the complaining witness was C.N., and case number 09-003770 in which the complaining witness was M.D.[1] Plaintiff maintains that the defendants failed to conduct a proper investigation and also committed a fraud upon the court. The basis for these

---

[1] The Court has referred to the sexual assault victims by their initials.

allegations is that the defendants confused the case numbers and complaining witnesses during Plaintiff's trial. The case number for M.D. apparently was called, but the actual complaining witness in the case being tried was C.N. Plaintiff sues the defendants in their personal and official capacities for money damages and injunctive relief in the form of a new trial with competent counsel, an impartial judge, and a fair prosecutor.

## II. Standard of Review

The Court has permitted Plaintiff to proceed without prepayment of the fees and costs for this action. An indigent prisoner's civil rights complaint may be dismissed if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive. *Ashcroft v.*

*Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III.  Discussion

Plaintiff is challenging the proceedings at his criminal trial and the fact that he is incarcerated.  He has no right to money damages for allegedly unlawful confinement unless the order or judgment holding him in custody has been invalidated by state officials or impugned by a federal court on habeas corpus review.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that either his conviction or sentence was invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his conviction and imprisonment.  Therefore, Plaintiff's claims are not cognizable in this civil rights action.

Even if the claims were cognizable, "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction."

3

*Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per *curiam* ), and *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988)).  Presiding over a criminal trial clearly is a judicial act, and circuit courts in Michigan have subject matter jurisdiction over felony cases, *People v. Lown*, 488 Mich. 242, 268 (2011).  Plaintiff has been convicted of first-degree criminal sexual conduct,[2] which is a felony.  *See* Mich. Comp. Laws § 750.520b(2).  Thus, Judge Evans had jurisdiction over Plaintiff's criminal case and enjoys immunity from this suit for money damages.  She also enjoys immunity from a suit for injunctive relief.  *See* 42 U.S.C. §1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

Prosecutors enjoy absolute immunity from damages liability for activities "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Adams v. Hanson*, __ F.3d __, __, No. 09-2045, 2011 WL 3805609, at *3 (6th Cir. Aug. 30, 2011).  And defense attorneys, whether retained or appointed by the court, do not act under color of law when performing the traditional functions of counsel to a defendant in a criminal proceeding.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained attorneys).  Therefore, Plaintiff also has failed to state a claim against assistant prosecuting attorney Suzette M. Samuels and attorney Patricia S. Slomski.

### IV.  Conclusion

---

[2]  *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=748757.

For all the reasons given above, Plaintiff's allegations are frivolous and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision would be frivolous and could not be taken in good faith. Therefore, Plaintiff may not proceed *in forma pauperis* on appeal if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


                                              s/Gerald E. Rosen  
                                              Chief Judge, United States District Court

Dated: August 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 3, 2011, by electronic mail and upon Douglas Jackson, #748757, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 by ordinary mail.

                                              s/Ruth A. Gunther  
                                              Case Manager